| | |
|---|---|
| **DISTRICT COURT OF THE VIRGIN ISLANDS** | |
| **DIVISION OF ST. CROIX** | |

**DEMOCRATIC PARTY OF THE VIRGIN ISLANDS,**

        **Plaintiff,**

        **v.**

**ELECTION SYSTEM OF THE VIRGIN ISLANDS, RAYMOND J. WILLIAMS, in His Official Capacity Chairman of The BOARD OF ELECTIONS; and CAROLINE F. FAWKES, in her Official Capacity as SUPERVISOR OF ELECTIONS,**

        **Defendants.**
_____

**1:26-cv-00008-RAM-EAH**

**TO:**    **Peter James Lynch, Esq.**
        **Ariel Marie Smith-Francois, Esq.**
        **Shelley A.H. Moorhead, Pro Se**
        **Collister M. Fahie, Pro Se**
        **Lorelei Monsanto, Pro Se**

## ORDER

**THIS MATTER** comes before the Court on the Motion to Intervene as of Right, Pursuant to Fed. R. Civ. P. 24(a), filed on April 17, 2026 purportedly by Shelley A.H. Moorhead, Collister M. Fahie, and Lorelei Monsanto (the "Proposed Intervenors"), appearing pro se. Dkt. No. 17. The Proposed Intervenors seek to appear in this action. The Court ordered the parties to set forth their positions on the Motion to Intervene. Dkt. No. 28. Plaintiff Democratic Party of the Virgin Islands ("DPVI") filed an Opposition to the Motion, Dkt. No. 32, and Defendants Election System of the Virgin Islands ("ESVI"), Raymond J. Williams in his Official Capacity as Chairman of the Board of Elections ("VIBOE"), and Caroline F. Fawkes, in her Official Capacity as Supervisor of Elections, filed a Notice of No

*Democratic Party of the V.I. v. Election System of the V.I.*
1:26-cv-00008-RAM-EAH
Order
Page 2

Objection to the Motion to Intervene, Dkt. No. 31. For the reasons that follow, the Court will

deny the Motion to Intervene.

## BACKGROUND

### I.    The Complaint

On April 9, 2026, Plaintiff DPVI filed its Complaint seeking declaratory and injunctive

relief against the Defendants "to ensure that the Virgin Islands statutory senatorial,

congressional, and gubernatorial primary elections, scheduled for August 1, 2026, are

administered in accordance with local and federal law." Dkt. No. 1 at 1-2. The DPVI alleges

that the Virgin Islands Code mandates that the aforementioned primary elections—the

statutory mechanism by which voters select party nominees—be held on the first Saturday

in August, which falls on August 1, 2026 this cycle *Id.* at 3. On October 24, 2025, DPVI adopted

an Election and Certification Plan for primary elections of Democratic candidates for those

aforementioned positions, consistent with federal court guidance in *Republican National*

*Committee v. V.I. Board of Elections*, 3:22-cv-0049. Id. at 4 & n.1; Ex. 1-1. On January 28, 2026,

DPVI announced that Plan to the ESVI and to VIBOE via its Chair and the Supervisor of

Elections, requesting a meeting to discuss coordination for its implementation for the 2026

primary elections; those entities did not respond substantively. Dkt. No. 1 ¶¶ 12, 13.

The Complaint further alleges that, on March 11, 2026, ESVI and the Supervisor of

Elections moved forward with preparations for the primary elections without DPVI's Plan;

VIBOE, as policymaker for ESVI and director of the Supervisor of Elections, failed to redirect

them. *Id.* ¶¶ 14, 15. DPVI's Plan cannot be implemented without the cooperation of

*Democratic Party of the V.I. v. Election System of the V.I.*
1:26-cv-00008-RAM-EAH
Order
Page 3

Defendants, and the Plan requires action to be taken at least two months before the primary. *Id.* ¶¶ 17, 18. If not addressed by the Court, Defendants' actions will deprive DPVI and voters of freedom of association and speech to select party candidates of their choice without government interference. *Id.* ¶ 19.

The Complaint alleges three counts: (1) a declaratory judgment confirming that the current plan of Defendants for the primaries is unconstitutional, and that the DPVI is entitled to have them administer the DPVI's Plan for the August 2026 primary; (2) an injunction to stop Defendants' deprivation of Constitutional rights of political association; and (3) a coercive injunction directing Defendants to implement the DPVI's Plan. Dkt. No. 1 at 6-10.

On April 14, 2026, the DPVI filed an Emergency Motion for Preliminary Injunction. Dkt. No. 12. The District Judge set a hearing for Thursday, April 23, 2026. Dkt. No. 13.

## II.    The Motion to Intervene

On April 17, 2026, the instant Motion to Intervene was filed. While the Motion was purportedly filed on behalf of Shelley A.H. Moorhead, Collister M. Fahie, and Lorelie Monsanto, all appearing pro se, only Mr. Moorhead signed the Motion. Dkt. No. 18. They move to intervene as of right pursuant to Fed. R. Civ. P. 24(a)(2) in this action. *Id.* Their position is that, before the Court can reach the merits of the claims set forth in the DPVI's Complaint, "a threshold issue must be resolved: whether Plaintiff is a clearly identifiable juridical entity with the legal capacity and authority to invoke this Court's jurisdiction." *Id.* at 1. They claim that the "current record. . . does not establish a single, continuous and clearly defined legal entity possessing such authority." *Id.* at 2. Thus, because "the resolution of this action *may*

*Democratic Party of the V.I. v. Election System of the V.I.*
1:26-cv-00008-RAM-EAH
Order
Page 4

directly affect Intervenors' candidacies and ballot access rights, and because no existing party adequately represents those interests, intervention as of right is warranted." *Id.* (emphasis added).

The Motion to Intervene identifies the Proposed Intervenors as "prospective candidates" for Delegate (Mr. Moorhead) and the V.I. Legislature (Mr. Fahie and Ms. Monsanto). *Id.* at 3. They claim that any ruling in the instant action will affect "candidate access to the ballot; regulatory burdens imposed on candidates; and the relative position of candidates across differing access pathways," which provide them a direct, substantial, and legally protectable interest in the litigation. *Id.* According to the Proposed Intervenors, disposition of the case without intervention "*may*," inter alia, "result in judicial recognition of a plaintiff whose legal identity and authority are not established [and] impair Intervenors' ability to protect their candidacy rights." *Id.* (emphasis added). They claim that no existing party adequately represents their interests because, inter alia, "no party represents the interests of candidates across independent and party-affiliated access pathways simultaneously," and no party has raised the threshold issue of juridical identity. *Id.* at 4. Through attachments to the Motion, the Proposed Intervenors attempt to set forth issues surrounding the DPVI's legal identity. *Id.* at 4-8. They indicate that they have submitted applications to the Office of the Lieutenant Governor for trade names including "Democratic Party of the Virgin Islands" that are under administrative review. *Id.* at 6-7.

The Proposed Intervenors seek to assert claims regarding: (1) Equal Protection (Fourteenth Amendment); (2) First Amendment; (3) As-Applied Constitutional Challenge;

*Democratic Party of the V.I. v. Election System of the V.I.*
1:26-cv-00008-RAM-EAH
Order
Page 5

and (4) Declaratory Relief. *Id.* at 9. Other than naming the causes of action, they do not explain the bases for them. They ask the Court to (1) grant their Motion to Intervene; (2) require Plaintiff to "identify the precise legal entity bringing the action"; (3) require production of documentation establishing corporate existence, continuity, governance authority and authorization to file suit; and (4) conduct threshold proceedings addressing Plaintiff's capacity and standing. *Id.* at 9-10.

### III.    DPVI's Opposition to Motion to Intervene

As indicated above, the Court issued an Order directing the parties to file their responses to the Motion to Intervene. Dkt. No. 28. The Defendants filed a Notice of No Objection, Dkt. No. 31, while the Plaintiff filed an Opposition, Dkt. No. 32.

In its Opposition, the DPVI raises numerous grounds warranting denial of the Motion to Intervene. First, the motion is untimely. With the Complaint having been filed on April 9, 2026 and an Emergency Motion for Preliminary Injunction filed on April 14, 2026, with a hearing imminent (April 23), intervention now would cause substantial prejudice by disrupting the Court's consideration of time-sensitive preliminary injunctive relief. Dkt. No 32 at 4. Second, the Proposed Intervenors have known of their claimed interests for months if not years, given that the disputed identity of the Democratic Party has been contested since the 2024 ruling by Judge Molloy (and a 1964 Third Circuit case noting "longstanding structural issues" in the Democratic Party). *Id.* Further, the Proposed Intervenors filed their trade name application with the Office of the Lt. Governor in mid-March 2026, weeks before the action was filed. There is no legitimate justification for the delay, as the Proposed

*Democratic Party of the V.I. v. Election System of the V.I.*
1:26-cv-00008-RAM-EAH
Order
Page 6

Intervenors were monitoring the party's affairs (evidenced by the trade name application) and were aware of the DPVI's adoption of the Plan on October 24, 2025. *Id.* at 5.

Next, the DPVI argues that the Proposed Intervenors fail to demonstrate a sufficient interest, given that they identify as "prospective candidates," not as registered members of the DPVI, declared candidates, or individuals with any present legal relationship to the litigation. *Id.* Speculation about future candidacy is insufficient, as there is no evidence they filed any nomination papers, paid any filing fees, or took steps toward candidacy. *Id.* at 5-6. They fail to identify any concrete injury (such that they are barred from running for office or their ballot access is threatened). In addition, political party internal processes do not create rights for non-members; the First Amendment rights belong to the DPVI as an organization, not persons who are not members of the party. *Id.* at 6.

The DPVI further contends that the Proposed Intervenors will not be impaired by disposition of the action because resolution will not change who may run for office or how candidates qualify, as the V.I. Code establishes multiple pathways to the ballot. The only issue in this action is whether the DPVI can exercise its constitutional right to select its own nominees under its own procedures or if the government substitutes its processes. *Id.* at 7. The constitutional violation alleged does not burden candidates, and the DPVI Plan enhances candidate access. *Id.* at 7-8. Moreover, the Proposed Intervenors' issue is not that they will be harmed by the outcome of this litigation but that they dispute the DPVI's authority to govern the Democratic Party's internal affairs. However, party identity is not a valid basis for

*Democratic Party of the V.I. v. Election System of the V.I.*
1:26-cv-00008-RAM-EAH
Order
Page 7

intervention; that is an argument to be raised by Defendants in responsive pleadings or a motion to dismiss for lack of capacity. *Id*. at 8.

The DPVI next argues that the parties adequately represent the Proposed Intervenors' interests, as DPVI advocates for a clear, constitutionally sound, legal framework for ballot access, and the Defendants are defending the statutory scheme that the Proposed Intervenors appear to prefer (government-controlled nomination). *Id*. at 9. The Proposed Intervenors do not allege that the parties are colluding or that counsel is incompetent; they merely assert that "no existing party represents those interests" without any facts in support. They have not shouldered their burden to show an interest. *Id*. at 10. The "threshold issues" raised by the Proposed Intervenors are not grounds for intervention, since the DPVI's corporate identity and capacity are defenses or jurisdictional objections that Defendants may raise. *Id*. at 10-11.

The DPVI further contends that the Proposed Intervenors lack Article III standing to participate in this action: they have not suffered and are not at imminent risk of suffering, any concrete and particularized injury. Their alleged injury—that resolution of this action may directly affect their candidacies—is speculative and attenuated. *Id*. at 11-12. Their injuries are not traceable to this action's disposition and cannot be redressed by any judgment; they arise from territorial election law, not from the Court's enforcement of the DPVI's First Amendment Rights. *Id*. at 12.

Finally, the Proposed Intervenors' threshold identity arguments are meritless and irrelevant to this action. *Id*. at 13. They have not supported their claim that a local political

*Democratic Party of the V.I. v. Election System of the V.I.*
1:26-cv-00008-RAM-EAH
Order
Page 8

party must have a corporate form. Citations to other entities, such as the Virgin Islands Democratic Leadership Council, Inc. (referred to in Dkt. No. 18-2) is a separate organization with distinct purposes. *Id.* The Federal Election Commission designation as "Party-Nonqualified-Unauthorized" (found in Dkt. No. 18-3 at 1) reflects that DPVI has not met certain technical/administrative federal requirements; it does not negate DPVI's territorial existence or status under V.I. law. *Id.* at 14. The *Alexander v. Todman*, 337 F.2d 962, 5 V.I. 137 (3d Cir. 1964) case involved rival factions asserting control over the party, which the Third Circuit resolved through territorial political processes, not by disestablishing the party. *Id.* Plaintiff reiterates that capacity to sue is properly raised by Defendants, not Intervenors, *id.* at 15, and that the Democratic National Committee identified DPVI in a February 2025 Letter (attached as Dkt. No. 32-1) as the only local party organization it recognizes. *Id.*

## DISCUSSION

### I.     Legal Standards

### A.  Intervention under Fed. R. Civ. P. 24

Rule 24(a) governs intervention of right and provides:

> On timely motion, the court must permit anyone to intervene who:
>
> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). If a party does not have an unconditional right to intervene by a federal statute (which the Proposed Intervenors do not possess here), Third Circuit case law provides four conditions for a party to succeed on a motion to intervene as of right. *See*, *e.g.*, *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1181 (3d Cir. 1994). Specifically, a proposed intervenor must demonstrate that

> (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation.

*Id.* (citing *Brody ex rel. Sugzdinis v. Spang*, 957 F.2d 1108, 1115 (3d Cir. 1992), and *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987)). "Each of these requirements must be met to intervene as of right." *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995); *see also Michaels Stores, Inc. v. Castle Ridge Plaza Assocs.*, 6 F.Supp.2d 360, 364 (D.N.J. 1998) ("If an applicant fails to prove any one of these four factors, intervention as of right is precluded.").

## B. Article III Standing

In *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 581 U.S. 433 (2017), the Supreme Court addressed whether intervenors as of right under Rule 24(a) had to show Article III standing. It first reiterated that standing doctrine required plaintiffs to "allege such a personal stake in the outcome of the controversy as to justify the exercise of the court's remedial powers on their behalf." *Id.* at 438 (citation modified). To establish Article III standing, the plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of

the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 438-39 (citation modified).

In that regard, a plaintiff "must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Id.* at 439 (citation modified). The Court went on to say:

> The same principle applies to intervenors of right. Although the context is different, the rule is the same: For all relief sought, there must be a litigant with standing, whether that litigant joins the lawsuit as a plaintiff, a coplaintiff, or an intervenor of right. Thus, at the least, an intervenor of right must demonstrate Article III standing when it seeks additional relief beyond that which the plaintiff requests.

*Id.*; *see also Wayne Land & Mineral Grp., LLC v. Delaware R. Basin Comm'n*, 959 F.3d 569, 574 (3d Cir. 2020).

The Supreme Court has also required federal courts to address whether it has subject matter jurisdiction first, before it addresses the merits. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction)." (citation modified).

## II.    Application

### A.  Initial Matter

As indicated above, although the Motion to Intervene was filed under the names of Shelley A.H. Moorhead, Collister M. Fahie, and Lorelie Monsanto, only Mr. Moorhead signed the motion. Dkt. No. 18 at 10. The Federal Rules of Civil Procedure provide that "[e]very

*Democratic Party of the V.I. v. Election System of the V.I.*
1:26-cv-00008-RAM-EAH
Order
Page 11

pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Thus, each unrepresented person must sign a written motion. While district courts are counseled to liberally construe pro se pleadings, all parties—even those appearing pro se—"cannot flout procedural rules – they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Further, a person appearing pro se may represent him or herself; that person cannot represent someone else. *See McCain v. Abraham*, 337 F. App'x 141, 142 (3d Cir. 2009) ("A pro se litigant who is not an attorney may not represent someone else in federal court.").

Accordingly, since Mr. Moorhead, Mr. Fahie, and Ms. Monsanto are unrepresented in this Court, they were each required to sign the motion. Only Mr. Moorhead signed the motion. Since Mr. Moorhead, appearing pro se, cannot represent Mr. Fahie or Ms. Monsanto, his signature on the Motion authorized only him to seek relief. The Court therefore considers the Motion to Intervene as properly seeking relief only on behalf of Mr. Moorhead.

### B. Standing to Intervene

The relief sought by Plaintiff DPVI in the instant lawsuit falls under the First Amendment. It seeks a declaration that the current Plan of Defendants for the upcoming primaries is unconstitutional; an injunction to stop Defendants from depriving it of the right to political association; and an injunction directing Defendants to implement DPVI's Plan. Dkt. No. 1. On the other hand, Mr. Moorhead, as a proposed intervenor, seeks to assert the following claims: Equal Protection (under the Fourteenth Amendment); First Amendment;

As-Applied Constitutional Challenge; and Declaratory Relief. Dkt. No. 18 at 9. He does not explain anything about the basis for these claims, and the Motion to Intervene does not shed any light on these claims either. What is clear, however, is that he is seeking "additional relief beyond that which the plaintiff requests." *Town of Chester, N.Y.,* 581 U.S. at 439. Although Mr. Moorhead mentions "First Amendment" as one of his proposed claims for relief, it could not be the same First Amendment relief that the DPVI is seeking on its own behalf to vindicate its own constitutional rights in relation to the Plan. As a result, Mr. Moorhead must demonstrate Article III standing as an intervenor to pursue all of the relief he seeks, which is in addition to the relief that the DPVI seeks. This he cannot do.

An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citation modified). A concrete injury means it is real, not abstract. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021). "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Spokeo v. Robbins*, 578 U.S. 330, 339 (2016) (citation modified). Regarding the "actual or imminent" requirement, a claim of future injury can be "imminent" if there is a "substantial risk" or "realistic danger" that the threatened harm will occur. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n.5 (2013)). Although an injury that will occur in the future is not fatal to standing, the risk of injury cannot be hypothetical or speculative, *Clemens v. ExecuPharm Inc.*, 48 F.4th 146, 153 (3d Cir. 2022). "Allegations of possible future injury" are not sufficient, *Reilly v. Ceridian Corp.*, 684

*Democratic Party of the V.I. v. Election System of the V.I.*
1:26-cv-00008-RAM-EAH
Order
Page 13

F.3d 38, 42 (3d Cir. 2011), and threatened injury must be "certainly impending." *Lujan*, 504 U.S. at 564 n.2; *see Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (explaining that the imminence requirement "ensures that courts do not entertain suits based on speculative or hypothetical harms.").

Here, Mr. Moorhead's purported injuries are not concrete and particularized. They are not actual or imminent. Rather, they are conjectural and hypothetical. The Motion to Intervene does not allege that Mr. Moorhead (or the other two proposed intervenors) are even current candidates in the upcoming August 2026 primary; they identify themselves as "prospective candidates in the 2026 election cycle." Dkt. No. 18 at 2-3. They do not assert that they are members of the Democratic Party, or that they have filed nomination papers, paid any filing fees, been excluded from any ballot, or that the DPVI or the Defendants have denied them any benefit or contravened any right they may have. The Motion to Intervene does not indicate that they face any fines, penalties, or other negative consequences from any of the parties in this action. Rather, their articulation of their alleged injury is that disposition of this case without intervention "*may* impair Intervenors' ability to protect their candidacy rights." Dkt. No. 18 at 3 (emphasis added). This vague, non-particularized, and speculative assertion is couched as a conditional injury, something that may (or may not) occur at some unspecified time imposed by an unspecified entity based on the undetermined results of this case. This purported injury does not suffice as an Article III injury in fact to confer Article III standing. *See Clapper*, 568 U.S. at 409-10 ("[A]n asserted hypothetical injury that is merely potential and uncertain cannot support standing.") (citation modified);

*Finkelman v. National Football League*, 810 F.3d 187, 194 (3d Cir. 2016) (plaintiffs do not allege an injury in fact when they rely on "mere speculation").

Moreover, the Motion to Intervene does not satisfy the two other standing requirements of whether the Proposed Intervenors' injury is fairly traceable to the challenged conduct of the Defendants, and whether that injury will be redressed by a favorable decision. Rather, the Proposed Intervenors focus primarily on what they view as a "threshold issue" of the Plaintiff not having the capacity to sue and ask the Court to take a detour from addressing Plaintiff's constitutional claims to resolve that question. But the Proposed Intervenors never articulate how resolution of that question (which may or may not arise in Defendants' response to the Complaint) will impact their "ability to protect their candidacy rights." Nor is it apparent how a favorable decision for the DPVI—that would confirm the DPVI's Plan, stop implementation of the government's election plan, and direct the Defendants to implement the DPVI's Plan—would redress their injuries (particularly when they view the DPVI as illegitimate). Although they seek "judicial determinations" regarding the "structure of election administration, the recognition and authority of political parties, and the legal framework governing ballot access," Dkt. No. 18 at 3, the fact that this litigation may touch upon those general aspirations does not concomitantly show that their alleged injuries will be redressed in this litigation.

Accordingly, the Court concludes that Mr. Moorhead, as the only Proposed Intervenor who has properly appeared before this Court, has not demonstrated Article III standing. That

*Democratic Party of the V.I. v. Election System of the V.I.*
1:26-cv-00008-RAM-EAH
Order
Page 15

is fatal to the Motion to Intervene, and the Court therefore need not and does not reach the

additional arguments against intervention put forth by the DPVI in its Opposition.

### CONCLUSION

Accordingly, it is hereby **ORDERED**:

1. The Motion to Intervene as of Right, Dkt. No. 18, is **DENIED.**

2. The Clerk of Court shall send a copy of this Order to the three Proposed Intervenors

   via certified mail, return receipt requested.

ENTER:

Dated: April 22, 2026                    /s/ Emile A. Henderson III
                                         EMILE A. HENDERSON III
                                         U.S. MAGISTRATE JUDGE